UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JUAN CARLOS GINES-HERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Defendants. | Case No. 26-cv-03348-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR LEAVE FOR EXPEDITED DISCOVERY** <br><br> Re: Dkt. No. 17 |

Pending before the Court is Petitioner's motion for leave for expedited discovery. Dkt. No. 17 ("Mot."); Dkt. No. 18 ("Opp."). The Court previously directed Petitioner to file a motion for preliminary injunction if he believes he is entitled to a post-detention bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. No. 14 at 9. In particular, the Court instructed Petitioner to explain whether his "criminal charge and release on bond constituted parole into the United States within the meaning of 8 U.S.C. § 1225(b)(1)" or "introduce factual support . . . showing that Petitioner was paroled pursuant to, for example, 8 U.S.C. § 1182(d)(5)(A)." *Id.* at 9–10. Petitioner's motion for preliminary injunction is due on May 8, 2026. Dkt. No. 16. Now, Petitioner seeks responses to two interrogatories identifying "under what statute Mr. Gines-Hernandez was paroled into the United States for prosecution." Mot. at 5. In addition, Petitioner seeks his "full, unredacted A-File," "[a]ny/all communications with the San Ysidro Port of Entry Director regarding Petitioner," and "[a]ny/all policies, handbooks, or manuals relating to individuals being paroled into the United States for prosecution." *Id.*

While "[a] habeas petitioner . . . is not entitled to discovery as a matter of ordinary course," *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge

in the exercise of his discretion and for good cause shown grants leave to do so," *Smith v. Mahoney*, 611 F.3d 978, 996 (9th Cir. 2010) (quoting Rules Governing § 2254 Cases, Rule 6(a)).[1] "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

The Court finds good cause to permit limited discovery here. Petitioner is specifically seeking to understand the basis for his potential parole into the United States, which is exactly the issue the Court asked Petitioner to address. Respondents argue that this evidence is "not dispositive of this case," claiming that Petitioner will still be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), even if he was formally paroled in under 8 U.S.C. § 1182(d)(5)(A). Opp. at 2–3. This is a merits question that requires significantly more discussion than the Respondents provide here. And without deciding the issue, it is clear that Petitioner "may . . . be able to demonstrate that he is confined illegally," *Harris*, 394 U.S. at 300, if he was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A). That is enough to show good cause for limited discovery at this stage.

As a result, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's motion, Dkt. No. 17. The Court **ORDERS** Respondents to provide responses, objections, and production of responsive documents relating to Petitioner's two interrogatories and any communications with the San Ysidro Port of Entry Director regarding Petitioner by 5:00 p.m. on May 8, 2026.[2] The Court **DENIES** Petitioner's remaining requests for expedited discovery at this stage. Respondents represent that they already sent over "the majority" of Petitioner's A-File and only removed

---

[1] *Smith v. Mahoney* cites to an older version of these rules. The most recent version states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rules Governing § 2254 Cases, Rule 6(a) (as amended to Dec. 1, 2019). The Court "may apply any or all of these rules to a habeas corpus petition" brought pursuant to another section, such as the 28 U.S.C. § 2241 petition here. *Id.*, Rule 1(a).

[2] As a practical matter, the Court expects that there will be no additional document production regarding communications with the San Ysidro Port of Entry Director in light of Respondents' representation that they have already sent over all such documents. Opp. at 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

documents that were privileged. Opp. at 2. Respondents further suggest that those removed documents are likely irrelevant because they were "internal systems printouts, and none of those documents indicated any parole statute." *Id.* While the Court expects Respondents to follow through on their representation that they will promptly and diligently "re-review those documents," *id.* at 2 n.1, the Court has no reason to believe that the withheld documents are not privileged or are relevant to the parole issue here. The Court also finds Petitioner's request for "[a]ny/all policies, handbooks, or manuals relating to individuals being paroled into the United States for prosecution," Mot at 5, to be disproportionate and unduly burdensome at this stage and in a request for such expedited discovery.[3]

In light of this order, the Court **EXTENDS** the deadline for Petitioner to file his motion for preliminary injunction to May 11, 2026. Respondents' response is due by May 22, 2026. Any reply is due by June 1, 2026.

**IT IS SO ORDERED.**

Dated: May 6, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] The Court notes that it will likely refer any subsequent discovery disputes to a magistrate judge.

3